**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMELIN BRAVO, a minor by and through her Guardian ad Litem BLANCA RIVERA, BLANCA RIVERA, and ROGELIO BRAVO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | 1:14-CV-00339-LJO-JLT<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 4) |

## INTRODUCTION

Plaintiffs Emelin Bravo, by and through her guardian ad litem Blanca Rivera, Blanca Rivera, and Rogelio Bravo (collectively, "Plaintiffs") bring this action for medical negligence and negligent infliction of emotional distress against Defendants the County of Kern, Kern Medical Center, Chibuike Enyereibe Anucha, M.D., and Antonio L. Garcia, M.D. (collectively, "Defendants"). The United States ("government") was substituted as party defendant in place of Anucha. Before the Court is the government's motion to dismiss Plaintiffs' claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons discussed below, the Court GRANTS WITHOUT PREJUDICE the government's motion to dismiss and REMANDS this case to Kern County Superior Court.

## BACKGROUND

Plaintiffs allege that, on or around July 2, 2012, they were injured by Defendants' provision of medically negligent and unskillful prenatal and obstetric care to Blanca Rivera and Emelin Bravo.

Plaintiffs submitted administrative tort claims to the United States Department of Health and

Human Services ("HHS") on June 19, 2013. To date, no final determinations have been made by HHS.

Plaintiffs filed their complaint in Kern County Superior Court on September 18, 2013.

The United States was substituted as party defendant in place of Anucha and removed this action to this Court on March 10, 2014.

On March 13, 2014, the government filed the instant motion to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiffs did not file an opposition, and the government did not file a reply.

**DISCUSSION**

**Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

**A. Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in the particular federal court, whereas a motion to dismiss for failure to state a claim is an adjudication as to whether a cognizable legal claim has been stated. *Trustees of Screen Actors Guild–Producers Pension & Health Plans v. NYCA*, Inc., 572 F.3d 771, 775 (9th Cir. 2009) (quoting 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed. 2004)). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp*., 655 F.2d 968, 968–69 (9th Cir. 1981).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp*., 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 & n. 4 (1947); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890–892 (3rd Cir. 1977); *Exchange Nat'l Bank v. Touche Ross & Co*., 544 F.2d 1126, 1130–1131 (2nd Cir. 1976)). "In a facial attack, the challenger asserts that the allegations

contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

"If the challenge to jurisdiction is a facial attack, i.e., the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id*.

**1. Analysis**

The government argues that this Court lacks jurisdiction over Plaintiffs' claims against the government under the doctrine of sovereign immunity because Plaintiffs' claims do not fall into the scope of the Federal Tort Claims Act ("FTCA").

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted). As such, "[s]overeign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). *See also*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

"The Federal Tort Claims Act waives the United States' sovereign immunity for actions in tort." *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). "The Act allows claimants to sue the government in district court provided that they first give the appropriate federal agency the opportunity to resolve the claim." *Id*. (citing 28 U.S.C. § 2675(a)). Specifically, § 2675(a) requires that no tort action for damages may be brought against the government "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and

sent by certified or registered mail." Section 2675(a) further provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). "This administrative claim prerequisite is jurisdictional." *Cadwalder*, 45 F.3d at 300 (citing *Jerves*, 966 F.2d at 519).

The parties do not dispute that HHS has made no final determinations as to Plaintiffs' administrative tort claims and that Plaintiffs filed their complaint in this case three months after Plaintiffs filed their claims with HHS. Therefore, this Court lacks jurisdiction over Plaintiffs' tort claims against the United States. *Id*. Moreover, because Plaintiffs did not request leave to amend their complaint, the Court declines to grant leave to amend.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court

1. DISMISSES WITHOUT PREJUDICE Plaintiffs Emelin Bravo, Blanca Rivera, and Rogelio Bravo's complaint against the United States;
2. DISMISSES the United States as a Defendant in this case;
3. REMANDS the remaining state law claims in this case to Kern County Superior Court; and
4. ORDERS the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: **June 4, 2014**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

5.